J. H. Henshaw v. The State.

No. 13016.   Delivered March 5, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 543.

The opinion states the case.

*Moore & Wilson,* of Amarillo, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, felony, theft; penalty, three years in the penitentiary.

The Invader Drilling Company had stolen from them 139 joints of two inch new pipe from their lease in Hutchinson County, Texas. The pipe had just been purchased at a cost of $28.75 per hundred feet, less two per cent for cash, and there was approximately 2900 feet of same.   A short time before the theft appellant was on the premises in a Ford car with high pressure tires.   After the theft a car track fitting the track of appellant's car when he was admittedly on the premises was shown to have been at the point where the pipe was stacked.   The tracks of two trucks were also at the same point.   The pipe was found in possession of a Mr. Bush in Amarillo, who testified he had purchased it from appellant at $.12½ per foot. Two truck drivers were introduced as witnesses who testified that appellant employed them to bring the pipe from Hutchinson County to the premises of Mr. Bush in the nighttime, for which he paid them one hundred dollars in cash; that he accompanied them on the trip.   Wode, in charge of the pipe, testified to certain incriminating statements of appellant, the effect of which was a virtual admission of guilt on his part.

Three bills of exception of a kindred nature appear in the record. A discussion of one of these sufficiently disposes of all.   It was shown that appellant had delivered other pipe to Bush than that

in controversy. Bill of Exception No. 2 presents as error the action of the Court in admitting testimony of witness that somebody was claiming the other pipe. It is claimed that the effect of this was to get evidence of an independent and extraneous offense before the jury. The statement of facts shows that appellant as a witness testified on his original examination:

"When the indictment was filed against me in this case I was in the Stinnett jail. I had been indicted once relative to pipe out there; once here and once there. I do not know whether that indictment was the result of this indictment or not. This indictment and that indictment were filed something like 15 or 20 days apart."

The evidence voluntarily introduced by appellant himself having shown that he was under indictment for stealing other pipe, we do not believe the testimony referred to above, which tended to show only inferentially that he may have committed the theft of pipe other than that charged against him herein, could have worked such injury to him as would necessitate a reversal. Particularly is this true in the face of evidence which we regard as overwhelmingly sufficient to show the guilt of appellant. We fail to perceive the admissibility of the evidence objected to, but such a question must be measured in the light of the entire record and thus measured we cannot believe that it shows such error as would compel a reversal.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have carefully re-examined the statement of facts in the light of appellant's motion for rehearing. The pipe which is claimed in this case to have been stolen was two-inch pipe. Much evidence which was not objected to is in the record regarding some two and a half inch pipe which had been hauled and delivered to appellant. Character witnesses for appellant admitted on cross-examination that they knew appellant had been arrested on other charges for theft of pipe. Taking all of these things in connection with appellant's voluntary evidence that he was under indictment for stealing other pipe confirms our views heretofore expressed that a reversal should not be predicated on the improper receipt of the evidence objected to.

The motion for rehearing is overruled.

*Overruled.*